## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN WOZNIAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 09-238 |
| vs. | ) |
| | ) Judge Nora Barry Fischer |
| BARBARA JOHNSTON, INDIVIDUALLY AND | ) |
| IN HER OFFICIAL CAPACITY AS | ) |
| MAGISTRATE OF THE PROBATE COURT OF | ) |
| ST. JOSEPH COUNTY, INDIANA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I.      Introduction

This matter comes before the Court on a Motion to Dismiss by Defendant Barbara Johnston,

individually and in her official capacity as Magistrate of the Probate Court of St. Joseph County,

Indiana ("Defendant"). (Docket No. 7).  In support thereof, Defendant argues that this Court lacks

subject matter jurisdiction pursuant to Rule 12(b)(1), *pro se* Plaintiff Stephen A. Wozniak

("Plaintiff) has failed to state a claim upon which relief can be granted under Rule 12(b)(6), and that

this Court does not have proper venue under Rule 12(b)(3). (Docket No. 7 at 2; Docket No. 8).  Upon

consideration of Defendant's Motion and Brief in Support (*Id.*), Plaintiff's Response thereto and

Brief in Opposition (Docket Nos. 13 and 14), and Defendant's Reply (Docket No. 12), and for the

reasons more fully outlined herein, the Court **GRANT**S Defendant's Motion to Dismiss (Docket No.

7), pursuant to Federal Rule of Civil Procedure 12(b)(3).

## II.    Factual and Procedural Background

On February 24, 2009, Plaintiff, proceeding *pro se*, filed his Complaint against Defendant pursuant to 28 U.S.C. § 1983 claiming various violations of the First, Fifth and Fourteenth Amendments. (Docket No. 1 at 1).  Plaintiff avers that he is a resident of Allegheny County, Pennsylvania, while Defendant is a Magistrate Judge presiding in the St. Joseph County Probate Court in South Bend, Indiana. (*Id.*). In September of 2003, Plaintiff filed a petition with the Probate Court in St. Joseph County, Indiana to establish the paternity of his four children borne to Diana McBarnes. (*Id.*). In a decision later confirmed by the Domestic Relations Counseling Bureau of St. Joseph County, Judge Woodward Miller confirmed paternity on January 12, 2004 and ordered equal visitation rights to each parent. (*Id.*). Thereafter, on December 22, 2004, upon a motion by the mother in which the mother alleged that Plaintiff had abused one of the children, Defendant allegedly ordered Plaintiff into supervised visitation. (*Id.*). Defendant further ordered Plaintiff to attend co-parenting classes, while the mother was not ordered to attend. (*Id.*). Plaintiff claims that Defendant ordered supervised visitation despite reports from the police and Child Protection Services that there had been no abuse because Defendant allegedly stated that  it was "better safe than sorry." (*Id.*).

On January 28, 2005, Plaintiff claims that despite positive reports from the counselors who supervised Plaintiff's visitations with his children, Defendant refused to restore his full visitation rights and, instead, limited him to alternating weekends. (Docket No. 1 at 2).  Thereafter, in compliance with Indiana state law, Plaintiff claims that he filed a notice to change residence in May of 2008 which included a motion to modify custody of his children. (*Id.*). During a hearing held on May 27, 2008, Defendant denied said motion "without providing Plaintiff any opportunity to present

evidence or testimony in support of motion." (*Id.*). Plaintiff further claims that Defendant conducted an in-camera interview with his four children prior to the May 27, 2008 hearing, yet refused to release those records to Plaintiff nor confirm that records were even made. (*Id.*). On June 12, 2008, the same day Plaintiff was relocating to Pennsylvania, Ms. McBarnes, the children's mother, filed a motion to suspend visitation based on an allegation of abuse by one of the children. (*Id.*). During a hearing on February 18, 2009, Defendant allegedly read aloud the motion and heard a statement from counsel for Ms. McBarnes, then pronounced her judgment ordering Plaintiff into anger management and co-parenting classes without giving Plaintiff an opportunity to speak. (*Id.*). Plaintiff claims that Defendant's belief, as she allegedly stated during the hearing, was that Plaintiff was guilty of abuse based on her "gut instinct" and that Plaintiff had a "short fuse." (*Id.*). Defendant then "rescinded and temporarily deferred her judgment only after Plaintiff argued...and presented a police report showing that the allegations of abuse were unsubstantiated and without merit." (*Id.*). However, Plaintiff claims Defendant's "alacritous willingness to forego due process" prejudiced the hearing. (*Id.*). It is further claimed that Defendant refused to hear Plaintiff's contentions that Ms. McBarnes violated court orders. (*Id.*).

Plaintiff claims that Defendant deprived him of his constitutionally protected right to the companionship, custody, care and management of his children and that she denied him due process of law "because of a prejudicial attitude by Defendant toward government agents that support Plaintiff's argument." (Docket No. 1 at 1). Plaintiff further claims Defendant denied him equal protection of law by not ordering the mother of his children to attend parenting classes with him and violated his Fifth and Fourteenth Amendment rights by denying his petition to modify custody

without allowing him to present any evidence in support thereof. (*Id.* at 2). Finally, Plaintiff claims

Defendant violated Indiana law, specifically Indiana Code § 31-17-2-9,[1] and his due process rights

by refusing to give him records of the in-camera interview of his children which were allegedly used

by Defendant in her order of May 27, 2008 denying his motion to modify custody. (*Id.*). Plaintiff

requests that this Court permit him "compensatory visitation" with his children, that all orders by

Defendant be remanded to a venue outside the jurisdiction of the Probate Court of St. Joseph County,

and issue declaratory and all other relief this Court deems appropriate and just. (*Id.*).

Defendant filed her Motion to Dismiss and Brief in Support on March 17, 2009. (Docket

Nos. 7 and 8). Plaintiff originally filed his Response on March 27, 2009 (Docket No. 10), but was

ordered by this Court to re-submit his Response in compliance with the signature requirement of

Rule 11(a) by April 13, 2009. (Docket No. 11). Defendant filed a Reply Brief on April 9, 2009

(Docket No. 12), while Plaintiff re-filed his Response and Brief in Opposition on April 10, 2009.

(Docket Nos. 13 and 14). As the motion has been fully briefed, it is now ripe for disposition.

### III.    Discussion

As set forth above, Defendant has moved to dismiss Plaintiff's claims under Federal Rules

of Civil Procedure 12(b)(1), (3), and (6).[2]  In analyzing a motion to dismiss brought under various

subparts of Rule 12, whether the claims against Defendant are dismissed pursuant to Rule 12(b)(6)

---

[1]

Indiana Code Section 31-17-2-9, titled "Interview of Child," provides that the court may interview a child in chambers to ascertain his or her wishes or permit counsel to be present at the interview. Burns. Ind. Code. Ann. § 31-17-2-9. If counsel is present for the interview, a record may be made and the interview may be made part of the record for purposes of appeal. *Id.*

[2]

Because this Court concludes herein that this action has not been brought in the proper venue in accordance with 28 U.S.C. §1391, it declines to consider the remainder of Defendant's arguments that this Court should dismiss Plaintiff's Complaint.

or 12(b)(3) is not outcome determinative. *See Azuna, LLC v. Netpia.com, Inc.*, Civ. A. NO. 08-776, 2008 WL 4787589, at *3 n.6 (E.D. Pa. Oct. 30, 2008) (citing *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 297(3d Cir. 2001)). Therefore, the Court will analyze Defendant's motion pursuant to Rule 12(b)(3).

Generally, in deciding a motion to dismiss for improper venue under Rule 12(b)(3), a court must accept as true the allegations in the complaint, unless controverted by the defendant's affidavits. *Whipstock Natural Gas Servs., LLC v. Trans Energy, Inc.*, Civ. A. No. 08-1084, 2008 WL 4287158, at *2 (W.D. Pa. Sept. 17, 2008)(citation omitted). Applicable here, a *pro se* plaintiff's claims are to liberally construed as *pro se* parties are not held to the same standards as attorneys. *Washam v. Stesis*, Civ. A. No. 08-3869, 2009 U.S. App. LEXIS at *3 (3d Cir. Apr. 10, 2009 )(citing *Haines v. Kerner*, 404 U.S. 519 (1972)). To that end, a court may evaluate facts outside the complaint to determine proper venue; however, all reasonable inferences must be drawn in the plaintiff's favor. *Id.* at *2 (citations omitted). The party moving for dismissal or transfer based upon improper venue bears the burden of proof. *Myers v. American Dental Ass'n*. 695 F.2d 716, 724 (3d Cir. 1982); *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F.Supp.2d 415, 418 (E.D. Pa. 2005). If venue is improper, a district court can either dismiss the case or transfer it to a district in which it could have originally been brought. 28 U.S.C. § 1406(a).

Defendant moves to dismiss this case pursuant to Rule 12(b)(3) on the basis of improper venue arguing that the proper venue for Plaintiff's claims is the Northern District of Indiana.(Docket No. 8 at 5). Specifically, Defendant argues that because she is located in and the events giving rise to this action all occurred in St. Joseph County, Indiana, proper venue lies there. (Docket No. 8 at

5-6). Therefore, Defendant contends, pursuant to 28 U.S.C. § 1391, this action should be dismissed under Rule 12(b)(3). (*Id.* at 6). Defendant does recognize, however, that this Court has the authority to order transfer of this action to the Northern District of Indiana under 28 U.S.C. § 1406 but argues that transfer would be futile. (*Id.*).

In response to Defendant's argument concerning venue, Plaintiff argues that Federal Rule of Civil Procedure 4 directs this Court to follow the rules of personal jurisdiction of the state of Pennsylvania, of which Plaintiff is now a citizen.[3] (Docket No. 14 at 4). He contends that this Court "has jurisdiction over any person, including Defendant, "[c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth." (*Id.*)(citing 42 Pa. C.S.A. § 5322(a)(1)).

Venue is generally governed by 28 U.S.C. § 1931, which provides, in pertinent part, as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought..

28 U.S.C. § 1391(b). A civil action based upon federal question jurisdiction must be brought in the judicial district where any defendant resides, a substantial part of the events giving rise to the claim

---

3

As discussed in more detail *supra* at pgs. 2-3, Plaintiff resided in St. Joseph County, Indiana until June 12, 2008, when he relocated to Pennsylvania. (Docket No. 1 at 2).

occurred, or where any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(b). *Vangura Kitchen Tops, Inc. v. C&C. N. Am., Inc.*, Civ. A. No. 08-1011, 2008 U.S. Dist. LEXIS 79360, at * 18 (W.D. Pa. Oct. 7, 2008).

Here, there is no dispute that Defendant resides in the state of Indiana, that a substantial part of the events giving rise to the claims occurred there and, importantly, that the mother of Plaintiff's children and his children reside in St. Joseph County, Indiana. (*See* Docket No. 1 at 1-2; Docket No. 8 at 6). In response to Plaintiff's argument that venue is proper because this Court is bound by Pennsylvania law regarding personal jurisdiction under Rule 4, the Court notes that Rule 4 governs the commencement of a civil action, service of process, pleadings, motions and order. *See* Fed. R. Civ. P. 4. It does not address personal jurisdiction or venue. Furthermore, 42 Pa.C.S.A. § 5322, as cited by Plaintiff, provides the prerequisites for personal jurisdiction over a person in a tribunal or court of the Commonwealth of Pennsylvania, not a federal district court. *See* 42 Pa.C.S.A. § 5322(a). As detailed above, federal law, that is 28 U.S.C § 1391, governs the propriety of venue in a federal district court. Therefore, this Court finds that Plaintiff has brought his claims against Defendant in an improper forum. Accordingly, pursuant to 28 U.S.C. § 1406(a), because this Court is required under Rule 12(b)(3) to either to dismiss or transfer to a proper venue after finding that venue has been improperly laid, in the interests of justice, particularly Plaintiff's *pro se* status, the Court will transfer the instant action to the Northern District of Indiana. *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007).

**IV. Conclusion**

For the reasons stated herein, based upon the existence of proper venue in the Northern

District of Indiana, the Court **GRANTS** Defendant's Motion to Dismiss [7] Plaintiff's claims

pursuant to Rule 12(b)(3). Accordingly, this matter is forthwith transferred to the United States

District Court for the Northern District of Indiana, by way of the following order.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:        May 8, 2009
cc:           All counsel of record